UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID KOPLOW, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 10-10474-JLT |
| | * |
| CHERYL ANNE WATSON, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM

November 17, 2010

TAURO, J.

I.   Introduction

Plaintiff, David Koplow, brings this civil rights action against ten defendants for, among other things, arresting Plaintiff without probable cause and retaining outside counsel. Presently at issue is Defendants' Motion to Dismiss Amended Complaint [#31]. For the following reasons, that Motion to Dismiss is ALLOWED.

II.   Background

   A.   Factual Background[1]

Some time in 2007, Plaintiff went to the Chelsea City Hall seeking to meet and/or make an appointment with the Chelsea City Solicitor, Defendant Cheryl Anne Watson, because she was

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Complaint, Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

1

opposition counsel in Plaintiff's pending state-court action.[2]  On March 14, 2007, the second time Plaintiff visited Watson's office, Watson called the police.[3]  The police escorted Plaintiff out of the building and arrested him for disorderly conduct.[4]  The charges were ultimately dismissed.[5]

### B.   Procedural Background

In a 2003 Memorandum and Order, District Judge Woodlock dismissed, on the ground of res judicata, an action by Plaintiff alleging civil rights violations by the City of Chelsea ("City").[6] Judge Woodlock reasoned that the action was an effort to revive an earlier suit by Plaintiff that had been dismissed upon summary judgment.[7]  In the same Memorandum and Order, Judge Woodlock allowed the defendants' motion to preclude Plaintiff from filing any more pleadings in the District Court without obtaining prior approval of the court.[8]  As Judge Woodlock explained:

> The plaintiff has filed thirteen actions in this court.  He has variously failed to effect service, been unable to demonstrate subject matter jurisdiction, proved incapable of setting forth a short and plain statement of his claims, filed frivolously duplicative actions and used the litigation vexatiously.  His efforts to draw defense counsel into the role of litigant serves to underscore his inability to conduct litigation properly without direct supervision.[9]

The U.S. Court of Appeals for the First Circuit later affirmed Judge Woodlock's Memorandum

---

[2] 1st Am. Compl. Pt. I, 35–36 [#14].

[3] 1st Am. Compl. Pt. I, 36 [#14].

[4] 1st Am. Compl. Pt. I, 37, 39, 57, 60 [#14].

[5] 1st Am. Compl. Pt. I, 40 [#14].

[6] Koplow v. Dana, 2003 U.S. Dist. LEXIS 4874, at *3 (March 13, 2003).

[7] Id. at *2.

[8] Id. at *3.

[9] Id. at at *4–5 (citation omitted).

and Order.[10]

After issuance of the 2003 Memorandum and Order, Plaintiff filed multiple suits against Defendant City in Massachusetts state court.[11] All of those suits were dismissed.[12]

In early 2010, Plaintiff sought leave from the Miscellaneous Business District Judge ("MBDJ") to file a complaint against the City Solicitor and several City police officers.[13] On March 18, 2010, Judge Woodlock, sitting as the MBDJ, granted Plaintiff leave to file the Complaint.[14]

On August 9, 2010, Plaintiff filed an Amended Complaint, which consists of three separate filings.[15]

### C.   Plaintiff's Amended Complaint

Plaintiff's Amended Complaint runs over 500 pages long and seeks over six million dollars in damages.[16] Neither the pages nor the paragraphs of the Amended Complaint are consistently

---

[10] Koplow v. Williams, No. 03-1655, slip op. at 1–2 (1st Cir. Mar. 4, 2004); see also Mem. Supp. Defs.' Mot. Dismiss Am. Compl., Ex. C, 4 [#32].

[11] See Koplow v. Cowin, 455 Mass. 1019 (2010); Mem. Supp. Defs.' Mot. Dismiss Am. Compl., Ex. D [#32].

[12] See Koplow v. Cowin, 455 Mass. 1019 (2010); Mem. Supp. Defs.' Mot. Dismiss Am. Compl., Ex. D [#32].

[13] Mem. & Order, 1 [#11].

[14] Mem. & Order, 2–3 [#11].

[15] 1st Am. Compl. Pt. I [#14]; 1st Am. Compl. Pt. II [#15]; Appl. Allow Filing pp. 1–84, 148–202 of Pt. II of 1st Am. Compl. [#16] (attaching an eighty-page document entitled "Second Amended Brief of Appellant").

[16] See 1st Am. Compl. Pt. I, 10, 118 [#14].

numbered.[17] Indeed, Part II is not arranged in numbered paragraphs at all.[18]

The Amended Complaint, particularly Part II, does not advance claims in any organized way. Rather, the pleadings appear to be an extended harangue on federal and state law and the perceived injustices committed by Defendants.[19] Part I of the Amended Complaint sets forth the following "Counts." "Count I, Part A" against all Defendants asserts that "[t]he within defendants have arbitrarily and despotically overthrown and destroyed D's state court case."[20] "Count I, Part B" against all Defendants consists of cutouts of historical texts about John Winthrop.[21] Count II, also asserted against all Defendants, consists of a list of seventeen items (four of which are cutouts from the U.S. Constitution, the Massachusetts Constitution, or the City Charter) that seem to allege general complaints against the Massachusetts state legislature.[22] Counts III through IV are explicitly asserted against the Massachusetts legislature.[23] Counts VI and VII are asserted against "Massachusetts" and allege general grievances against provisions of state statutes and public employees.[24] Counts VIII and IX are asserted against Chelsea City

---

[17] See generally 1st Am. Compl. Pt. I [#14]; 1st Am. Compl. Pt. II [#15]; Appl. Allow Filing pp. 1–84, 148–202 of Pt. II of 1st Am. Compl. [#16].

[18] See generally 1st Am. Compl. Pt. II [#15].

[19] See generally 1st Am. Compl. Pt. I [#14]; 1st Am. Compl. Pt. II [#15]; Appl. Allow Filing pp. 1–84, 148–202 of Pt. II of 1st Am. Compl. [#16].

[20] 1st Am. Compl. Pt. I, 23 [#14].

[21] See 1st Am. Compl. Pt. I, 42 [#14].

[22] See 1st Am. Compl. Pt. I, 63–67 [#14].

[23] 1st Am. Compl. Pt. I, 68, 69, 71 [#14].

[24] 1st Am. Compl. Pt. I, 87–94 [#14].

Hall.[25] Count VIII appears to allege a general constitutional violation.[26] Count IX states simply, "The people of Chelsea should be ashamed of their police department."[27] Counts X and XI are asserted against "Police Chief #3," for, among other things, allowing the City police officers to "run amok"[28] and for filing a false police report, assault and battery, and abuse of process.[29] Counts XII through XV are asserted against Watson for being hostile to Plaintiff when Plaintiff visited Watson's office, for summoning the City police, and for "deny[ing] D access to her services."[30] It is not clear against whom Counts XVI through XIX are asserted.[31] These counts appear to allege much the same claims as the rest of the Amended Complaint. Count XX is asserted against Defendant Cassucci for Cassucci's failure to help Plaintiff speak with Watson.[32] Finally, it is not clear against whom Count XXI is asserted, and the count seems to allege similar claims as the previous counts.[33]

The second two parts of the Amended Complaint do not include counts.[34]

---

[25] 1st Am. Compl. Pt. I, 95–96 [#14].

[26] See 1st Am. Compl. Pt. I, 95 [#14].

[27] 1st Am. Compl. Pt. I, 96 [#14].

[28] 1st Am. Compl. Pt. I, 98 [#14].

[29] 1st Am. Compl. Pt. I, 101 [#14].

[30] 1st Am. Compl. Pt. I, 103–10 [#14].

[31] 1st Am. Compl. Pt. I, 111–10 [#14].

[32] See 1st Am. Compl. Pt. I, 115 [#14].

[33] See 1st Am. Compl. Pt. I, 116–17 [#14].

[34] See generally 1st Am. Compl. Pt. II [#15]; Appl. Allow Filing pp. 1–84, 148–202 of Pt. II of 1st Am. Compl. [#16].

III.    Discussion

This court is persuaded that a plethora of reasons exists to dismiss Plaintiff's Amended Complaint.

    A.    Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 provides that "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[35] Moreover, each "allegation must be simple, concise, and direct."[36] Although a court must construe a pro se litigant's pleadings with liberality,[37] pro se plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure.[38] If a plaintiff's complaint fails to comply with the "short and plain statement" requirement, a district court may dismiss the plaintiff's complaint.[39]

Here, Plaintiff's Amended Complaint is neither "short and plain" nor "simple, concise, and direct." The Amended Complaint is over 500 pages long and consists of irrelevant cutouts from historical texts, lengthy harangues on federal and state law, and repetitive descriptions of conversations with Defendants. For these reasons, Plaintiff's Amended Complaint does not

---

[35] Fed. R. Civ. P. 8(a).

[36] Fed. R. Civ. P. 8(d)(1).

[37] Haines v. Kerner, 404 U.S. 519, 520 (1972).

[38] E.g., FDIC v. Anchor Props., 13 F.3d 27, 31 (1st Cir. 1994); Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (citing Faretta v. California, 422 U.S. 806, 835 n.46 (1975)).

[39] Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993) (citing Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991)); see Fed. R. Civ. P. 41(b) ("If the plaintiff fails . . . to comply with these rules . . . , a defendant may move to dismiss the action or any claim against it.").

comport with Rule 8.[40]

    B.    <u>Res Judicata</u>

The doctrine of res judicata consists of both claim preclusion and issue preclusion. Federal courts must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."[41] Under Massachusetts state law, claim preclusion requires the following elements: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits."[42] Issue preclusion exists if "the issue of fact sought to be foreclosed actually was litigated and determined in a prior action between the parties or their privies, and . . . the determination was essential in the prior action."[43]

Here, all portions of the <u>Amended Complaint</u> that challenge the City's right to retain outside counsel are barred by claim preclusion pursuant to the decision of the Massachusetts Supreme Judicial Court ("SJC") in Plaintiff's state-court action.

Defendants meet all three elements of the test for claim preclusion with regard to the portions of the <u>Amended Complaint</u> that challenge the City's retention of outside counsel. First,

---

[40] This noncompliance is reason enough to dismiss Plaintiff's <u>Amended Complaint</u>. To be abundantly clear, however, this court addresses all of the arguments in Defendants' Memorandum supporting its <u>Motion to Dismiss</u>.

[41] <u>Kremer v. Chem. Constr. Corp.</u>, 456 U.S. 461, 466 (1982); see <u>Cruz v. Melecio</u>, 204 F.3d 14, 18 (1st Cir. 2000).

[42] <u>DaLuz v. Dep't of Corr.</u>, 434 Mass. 40, 45 (2001) (citing <u>Franklin v. N. Weymouth Coop. Bank</u>, 283 Mass. 275, 280 (1933)).

[43] <u>Heacock v. Heacock</u>, 402 Mass. 21, 25 (1988) (citing <u>Cousineau v. Laramee</u>, 388 Mass. 859, 863 n.4 (1983)).

the parties to those portions of the Amended Complaint are identical to those named in the SJC action.[44] Second, this cause of action is identical to that pursued before the SJC. Indeed, part of the Amended Complaint is identical to a portion of the petition filed with the SJC.[45] And the SJC decision is a final judgment on the merits because it addressed the substance of Plaintiff's claim.[46]

These portions of the Amended Complaint are also barred by issue preclusion. The issue of the legality of the City's retention of outside counsel was actually litigated and determined in the SJC action.[47] In fact, that issue was the sole issue before the SJC.[48]

C.    Federal Rule of Civil Procedure 15(a)

Although Defendants have not mentioned Federal Rule of Civil Procedure 15, this court raises it sua sponte. Rule 15(a)(1)(A) provides: "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Plaintiff filed his original Complaint on March 18, 2010 and his Amended Complaint on August 9, 2010. Plaintiff never served his Complaint on Defendants. Although no case law on point exists, this court concludes that Plaintiff's complete failure to serve the Complaint on Defendants does not give Plaintiff free rein to amend the Complaint whenever he wishes.

---

[44] See Koplow v. Cowin, 455 Mass. at 1019 (listing Plaintiff, the City, the Attorney General, and the Kopelman and Paige defendants).

[45] See 1st Am. Compl. Pt. I, 14 [#14] ("PART II had been submitted earlier to state court.").

[46] See Koplow v. Cowin, 455 Mass. at 1020 ("[I]t is well established that a municipality may engage outside counsel to represent it in litigation.").

[47] See id.

[48] See id.

Alternatively, Plaintiff's failure to serve the Complaint on Defendants triggers Rule 15(a)(2), which provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff sought neither Defendants' consent nor this court's leave to amend his Complaint. Under either analysis, Plaintiff's Amended Complaint is barred by Rule 15(a).

### D. Judge Woodlock's 2003 Order

Judge Woodlock's 2003 Order, which required Plaintiff to obtain leave of court before filing further civil actions, sought to protect potential defendants from frivolous, duplicative, and vexatious suits.[49] Although Plaintiff technically complied with the Order by seeking the MBDJ's approval to file the Complaint, Plaintiff has not complied with the spirit of the Order. The original Complaint that Plaintiff submitted to the MBDJ purported to address a new matter. Yet after Plaintiff obtained the MBDJ's permission to proceed with this action, Plaintiff flouted Judge Woodlock (both in his position as the author of the 2003 Order and in his position as the sitting MBDJ) by replacing the Complaint with the Amended Complaint. As revealed above, Plaintiff's Amended Complaint is frivolous, duplicative, and vexatious. For that reason, the accompanying Order prohibits Plaintiff from filing any additional pleadings in this case without prior leave of this court.[50]

## IV. Conclusion

For the foregoing reasons, Plaintiff is prohibited from filing any additional pleadings in this

---

[49] See Koplow v. Dana, 2003 U.S. Dist. LEXIS 4874, at *4.

[50] See id. at *3 ("It is well settled that 'federal courts have the discretionary power to regulate the conduct of abusive litigants.'" (quoting Elbery v. Louison, 201 F.3d 427 (1st Cir. 1999))).

case without prior leave of this court, and Defendants' <u>Motion to Dismiss Amended Complaint</u> [#31] is ALLOWED.

AN ORDER HAS ISSUED.

                                                   /s/ Joseph L. Tauro
                                                 United States District Judge